# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE
# AT WINCHESTER

| | |
|---|---|
| CONNIE JONES, | ) |
| Plaintiff, | ) |
| | ) Case No: 4:17-cv-28 |
| v. | ) |
| | ) Judge Steger |
| NANCY A. BERRYHILL, | ) |
| Acting Commissioner of Social Security, | ) |
| Defendant. | ) |

## MEMORANDUM OPINION

Plaintiff Connie Jones seeks judicial review under § 205(g) of the Social Security Act ("Act"), 42 U.S.C. § 405(g), from her denial by the Commissioner of the Social Security Administration regarding her application for disability insurance benefits and supplemental security income under Titles II and XVI of the Act, 42 U.S.C. §§ 401-34, 1381-83f.

The parties have consented to the entry of final judgment by the undersigned United States Magistrate Judge according to the provisions of 28 U.S.C. § 636(c), with any appeal to the Court of Appeals for the Sixth Circuit [Doc. 20].

For the reasons that follow, Plaintiff's Motion for Judgment Based on the Administrative Record [Doc. 21] shall be **DENIED**, the Commissioner's Motion for Summary Judgment [Doc. 23] shall be **GRANTED**, and a judgment shall be entered **AFFIRMING** the Commissioner's decision.

## I. Procedural History

In July 2013, Plaintiff applied for disability insurance benefits and supplemental security income under Title II of the Act, 42 U.S.C. §§ 401-434, alleging disability as of May 6, 1983,

1

due to anxiety, depression, back and neck problems, as well as asthma (Tr. 10, 187, Doc. 14). Plaintiff's claims were denied initially as well as on reconsideration (*Id.* at 76, 78-92). Due to these denials, Plaintiff requested a hearing before an administrative law judge (*Id.* at 114-16).

In January 2016, ALJ Lauren Benedict heard testimony from Plaintiff, her attorney, as well as a vocational expert (*Id.* at 37). The ALJ then rendered her decision in March 2016, finding that Plaintiff was not under a "disability" as defined in the Act (*Id.* at 10-18).

Following the ALJ's decision, Plaintiff requested that the Appeals Council review her denial; however, they rejected her request for review (*Id.* at 1-6). Plaintiff has therefore exhausted her administrative remedies, and the ALJ's decision stands as the "final decision" of the Commissioner subject to judicial review. 42 U.S.C. §§ 405(g) and 1383(c)(3).

Having exhausted the administrative process, Plaintiff filed her Complaint on June 7, 2017, seeking judicial review of the Commissioner's decision under § 405(g) [Doc. 1]. The parties have filed competing dispositive motions, and this matter is now ripe for adjudication.

## II. Findings by the ALJ

In her decision, the ALJ made the following findings:

1. Plaintiff had not engaged in substantial gainful activity since July 5, 2013, the date of her application (20 C.F.R. § 416.971 *et seq.*).

2. Plaintiff has the following severe impairments: Degenerative Disc Disease, Anxiety Disorder, Rule Out Borderline Intellectual Functioning (20 C.F.R. § 416.920(c)).

3. Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. §§ 416.920(d), 416.925, and 416.926)).

4. Absent certain limitations, Plaintiff retained the residual-function capacity to perform light work as defined in 20 C.F.R. § 416.967(b).

2

5. Plaintiff is unable to perform any past relevant work (20 C.F.R. § 416.965).

6. Plaintiff was born on May 6, 1963, and was 50 years old, which is defined as an individual closely approaching advanced age, when she filed her application (20 C.F.R. § 416.963).

7. Plaintiff has a limited education and can communicate in English (20 C.F.R. § 416.964).

8. Transferability of job skills is not material to the determination of disability because Plaintiff's past relevant work is unskilled (20 C.F.R. § 416.968).

9. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that Plaintiff can perform (20 C.F.R. §§ 416.969 and 416.969(a)).

10. Plaintiff has not been under a disability, as defined in the Social Security Act, since July 5, 2013, the date that the application was filed (20 C.F.R. § 416.920(g)).

(Tr. at 12-18)

### III. Standard of Review

When reviewing the Commissioner's determination of whether an individual is disabled under § 405(g), the Court is limited to determining whether substantial evidence supports the ALJ's findings, the ALJ's decision was reached through application of the correct legal standards and made in accordance with the procedure authorized by the regulations and rulings promulgated by the Commissioner. *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 405 (6th Cir. 2009) (citation omitted); *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 544 (6th Cir. 2004).

Substantial evidence is "more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Cutlip v. Sec'y of Health & Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994)

(citations omitted). It is immaterial whether the record may also possess substantial evidence to support a different conclusion from that reached by the ALJ, or whether the reviewing judge may have decided the case differently. *Crisp v. Sec'y of Health & Human Servs.*, 790 F.2d 450, 453 n.4 (6th Cir. 1986). The substantial evidence standard is intended to create a "'zone of choice' within which the Commissioner can act, without the fear of court interference." *Buxton v. Halter*, 246 F.3d 762, 773 (6th Cir. 2001) (quoting *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986)). Therefore, the Court will not "try the case *de novo*, nor resolve conflicts in the evidence, nor decide questions of credibility." *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984) (citation omitted).

On review, the plaintiff "bears the burden of proving [their] entitlement to benefits." *Boyes v. Sec'y. of Health & Human Servs.*, 46 F.3d 510, 512 (6th Cir. 1994) (citation omitted).

**IV.     Analysis**

This case involves an application for disability insurance benefits. An individual qualifies for such benefits if they: (1) are insured for disability insurance benefits; (2) have not reached the age of retirement; (3) have filed an application for such benefits; and (4) are disabled. 42 U.S.C. § 423(a)(1).

"Disability" is the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 20 C.F.R. § 423(d)(1)(A); 20 C.F.R. § 404.1505(a). A claimant will be deemed disabled only if:

> his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age,

education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work.

42 U.S.C. § 423(d)(2)(A); *see* 20 C.F.R. § 404.1505(a). Disability is evaluated according to a five-step analysis summarized as follows:

1. If the claimant is engaging in substantial gainful activity he is not disabled;

2. If the claimant does not have a severe impairment he is not disabled;

3. If the claimant's impairment meets or equals a listed impairment he is disabled;

4. If the claimant is capable of returning to work he has done in the past he is not disabled;

5. If the claimant can do other work that exists in significant numbers in the regional or the national economy he is not disabled.

*Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 529 (6th Cir. 1997) (citing 20 C.F.R. § 404.1520). The claimant bears the burden of proof at the first four steps; however, the burden shifts to the Commissioner at step five to prove that there is work available in the national economy that the claimant could perform. *Id.*; *Her v. Comm'r of Soc. Sec.*, 203 F.3d 388, 391 (6th Cir. 1999) (citing *Bowen v. Yuckert*, 482 U.S. 137, 146 (1987)).

In this case, the sole issue before the Court is to determine whether the ALJ committed a reversible error by finding that Plaintiff did not meet a listing-level impairment – specifically, that the ALJ failed to evaluate Plaintiff's condition under Social Security Listing 12.04.

A claimant bears the burden of demonstrating that they meet a listed impairment at the third step of the sequential evaluation. *Evans v. Sec'y of Health & Human Servs.*, 820 F.2d 161, 164 (6th Cir. 1987). An impairment satisfies the listing only when it manifests the specific

findings described in the medical criteria for that particular impairment. 20 C.F.R. § 416.925(d). A claimant does not satisfy a listing unless all of the requirements of the listing are present. *Hale v. Sec'y of Health & Human Servs.*, 816 F.2d 1078, 1083 (6th Cir. 1987). *See also, Thacker v. Soc. Sec. Admin.*, 93 Fed. Appx. 725, 728 (6th Cir. 2004) ("When a claimant alleges that [they] meet[ ] or equal[ ] a listed impairment, [they] must present specific medical findings that satisfy the various tests listed in the description of the applicable impairment or present medical evidence which describes how the impairment has such equivalency.") If a claimant successfully carries this burden, the Commissioner must find that the claimant is disabled without considering their age, education, and work experience. 20 C.F.R. § 416.920(d).

Under Listing 12.04, affective disorders are "[c]haracterized by a disturbance of mood, accompanied by a full or partial manic or depressive syndrome. Mood refers to a prolonged emotion that colors the whole psychic life; it generally involves either depression or elation." 20 C.F.R. Pt. 404, Subpt. P, App. 1, § 12.04. To meet the listing, a claimant must satisfy the requirements of paragraphs A and B or the requirements of paragraph C. *Id.* Since neither party raised arguments regarding paragraph C, the Court need only consider the relevant portions of Plaintiff's arguments as to why she satisfies the requirements of paragraphs A and B. Those requirements are:

    A. Medically documented persistence, either continuous or intermittent, of one of the following:

        1. Depressive syndrome characterized by at least four of the following:
           a. Anhedonia or pervasive loss of interest in almost all activities; or
           b. Appetite disturbance with change in weight; or
           c. Sleep disturbance; or
           d. Psychomotor agitation or retardation; or
           e. Decreased energy; or

       f. Feelings of guilt or worthlessness; or
       g. Difficulty concentrating or thinking; or
       h. Thoughts of suicide; or
       i. Hallucinations, delusions or paranoid thinking;

OR

3. Bipolar syndrome with a history of episodic periods manifested by the full symptomatic picture of both manic and depressive syndromes (and currently characterized by either or both syndromes);

AND

B. Resulting in at least two of the following:

1. Marked restriction of activities of daily living; or
2. Marked difficulties in maintaining social functioning; or
3. Marked difficulties in maintaining concentration, persistence, or pace; or
4. Repeated episodes of decompensation, each of extended duration;

*Id.*[1] Plaintiff maintains that she meets Listing 12.04 because she satisfies paragraphs (A)(1) for Depressive Syndrome; (A)(3) for Bipolar syndrome; and paragraphs (B)(2), (B)(3), and (B)(4) [Doc. 22-1 at PageID #: 881-82]. In support of her contention, Plaintiff cites to treatment records from Centerstone Community Mental Health Care Centers [*Id.* at PageID #: 880-82].

While the ALJ did not address the paragraph A criteria, the Court finds that the Plaintiff has failed to show that she suffers from two of the Paragraph B requirements. Plaintiff bases her claim upon the Centerstone records, which note symptoms of depression, sleep disturbances, crying spells, low motivation and self-esteem, interpersonal difficulties with family, anxiety,

---

[1] The Court notes that the Listing of Impairments, as well as other regulations cited throughout this Memorandum Opinion, have recently been revised. The Court reviews the Commissioner's final decision using the rules that were in effect at the time the decision was issued. The criteria of Listing 12.04 reflect the listing's criteria prior to the rule change.

difficulty concentrating, as well as difficulty completing tasks [*Id.* at PageID #: 880-81]. The ALJ, however, determined that Plaintiff had mild limitations in her activities of daily living, and moderate limitations in maintaining social functioning and concentration, persistence, or pace. Tr. 13. The ALJ noted that Plaintiff did not have any episodes of decompensation. *Id.* In making this determination, the ALJ found that Plaintiff's allegations were inconsistent with the record. *Id.* at 13-16.

Plaintiff further notes that the ALJ did not consider the Centerstone records upon rendering her decision. This argument is without merit. This Court should consider only what was before the ALJ at the time of her decision. The Sixth Circuit has made clear "that where the Appeals Council considers new evidence but declines to review a claimant's application for disability insurance benefits on the merits," as is the case here, a court "cannot consider that new evidence in deciding whether to uphold, modify, or reverse the ALJ's decision." *Cline v. Comm'r of Soc. Sec.*, 96 F.3d 146, 148 (6th Cir. 1996). However, a court can "remand the case for further administrative proceedings in light of the evidence, if a claimant shows that the evidence is new and material, and that there was good cause for not presenting it in the prior proceeding." *Id.* (citation omitted). A remand in light of new evidence is known as a "sentence six remand." *Sizemore v. Sec'y of Health & Human Servs.*, 865 F.2d 709, 711 (6th Cir. 1988). The proponent of the new evidence bears the burden of proving all three elements. *Longworth v. Comm'r of Soc. Sec.*, 402 F.3d 591, 589 (6th Cir. 2005).

Evidence is considered "new only if it was 'not in existence or available to the claimant at the time of the administrative proceeding.'" *Foster*, 279 F.3d at 357 (quoting *Sullivan v. Finkelstein*, 496 U.S. 617, 626 (1990)). "New evidence must indeed be new; it cannot be

cumulative of evidence already in the record." *Pickard v. Comm'r of Soc. Sec.*, 224 F. Supp. 2d 1161, 1171 (W.D. Tenn. 2002) (quoting *Elliott v. Apfel*, 28 F. App'x 420, 424 (6th Cir. 2002)). "Material evidence" exists if there is a "reasonable probability that the Secretary would have reached a different disposition of the disability claim if presented with the new evidence." *Foster*, 279 F.3d at 357 (quoting *Sizemore*, 865 F.2d at 711).

Moreover, "[e]vidence is material if it is probative of the claimant's condition during the time period at issue before the ALJ." *Pickard*, 224 F. Supp. 2d at 1171.

Finally, "good cause" is shown "by demonstrating a reasonable justification for the failure to acquire and present the evidence for inclusion in the hearing before the ALJ." *Foster*, 279 F.3d at 357. "The mere fact that the evidence at issue was not in existence at the time of the ALJ's decision does not establish good cause." *Pickard*, 224 F. Supp. 2d at 1171.

In this case, the ALJ instructed Plaintiff that she would leave the record open for two weeks following the hearing so that Plaintiff could submit additional documents (Tr. 38-39). It is unclear as to why Plaintiff did not provide those records to the ALJ in a timely fashion. Regardless, the Appeals Council did consider the Centerstone mental-health records and denied Plaintiff's request for review (Tr. 1-5). This Court, however, cannot consider these records in its substantive evaluation because the Centerstone records were already in existence when the ALJ rendered her decision. Plaintiff has failed to carry her burden to warrant a sentence-six remand since the evidence is not "new." *See Longworth*, 402 F.3d at 589. Still, the vast majority of the Centerstone records reference treatment well before the relevant period for Plaintiff's disability claim, which began on July 5, 2013 (Tr. 10, 151). *See* 20 C.F.R. §§ 416.330, 416.335.

Also, even if the Court were to consider them, the Centerstone mental-health records

demonstrate that Plaintiff was non-compliant with treatment recommendations. Beginning in September 2000, for instance, Plaintiff repeatedly underwent an intake evaluation with minimal follow-up treatment, resulting in her discharge for non-compliance (Tr. 602, 606, 608-10, 617-19, 621-24, 627-29, 636-39, 642, 648, 660, 667-75, 689, 702-04, 709-10, 712). From February 2010 through December 2013, there was a gap in Plaintiff's treatment at Centerstone (*Id.* at 576, 629). After Plaintiff's July 2013 application date, she underwent an intake evaluation at Centerstone in December 2013 (*Id.* at 576). But Plaintiff again fell into the same pattern, missing the next two follow-up appointments (*Id.* at 586, 593). In fact, Plaintiff did not obtain another initial evaluation until two years later in November 2015 (*Id.* at 561). Again, Plaintiff failed to comply with follow-up appointments (*Id.* at 565-66).

Based upon these events, the Court finds that substantial evidence supports the ALJ's decision denying benefits. *See* 20 C.F.R. § 404.1530(a) (explaining that a claimant's failure to follow prescribed treatment may result in denial of benefits).

The ALJ also properly considered the medical opinions of the treating and reviewing providers in concluding that Plaintiff did not have marked limitations in two domains. In one instance, a psychologist, Michael Loftin, performed a consultative evaluation and determined that Plaintiff "would have no more than mild difficulties with concentration, persistence and pace and social relating" (Tr. 15. *See id.* at 266-71). In January 2014, another psychologist, Jerry Campbell, performed a consultative evaluation and opined that Plaintiff had "moderate impairment with respect to concentration, persistence and pace, mild limitations with respect to social interaction, and moderate limitation adapting to change" (*Id.* at 16. *See id.* at 539-44). During that same month, a third psychologist, Robert de la Torre, reviewed Plaintiff's file and,

like the others, opined that Plaintiff had mild limitations in her activities of daily living and maintaining social functioning, and moderate limitations in maintaining concentration, persistence, or pace (*Id.* at 16, 84-86, 89-91).

Overall, the ALJ adequately reviewed the entire record and determined that Plaintiff did not meet or equal a listing-level impairment under 12.04 (*Id.* at 12-13). Substantial evidence supports the ALJ's finding that Plaintiff did not have marked limitations in her activities of daily living, in maintaining social functioning, or in keeping concentration, persistence, or pace (*See id.*)

## V.  Conclusion

For the foregoing reasons, Plaintiff's Motion for Judgment Based on the Administrative Record [Doc. 21] shall be **DENIED**, the Commissioner's Motion for Summary Judgment [Doc. 23] shall be **GRANTED**, and a judgment shall be entered **AFFIRMING** the Commissioner's decision.

**SO ORDERED.**

/s/ *Christopher H. Steger*
UNITED STATES MAGISTRATE JUDGE